IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MASSACHUSETTS MUTUAL | * | |
| LIFE INSURANCE COMPANY | * | |
| | * | |
| v. | * | Civil No. JFM-04-2357 |
| | * | |
| ESTATE OF ALBERT A. REYES | * | |
| | ***** | |

MEMORANDUM

    Massachusetts Mutual Life Insurance Company ("MassMutual") has filed this action against the Estate of Albert A. Reyes and Anna Marie Reyes, the mother of Albert A. Reyes.  MassMutual seeks a declaratory judgment rescinding an insurance policy on the life of Albert A. Reyes ("Reyes"), in exchange for a refund of all premiums paid on the policy (plus interest).  MassMutual has filed a motion for summary judgment.  The motion will be granted.

    It is undisputed that when he applied for the policy in question, Reyes was asked, *inter alia*, whether (1) he had ever used any narcotics not prescribed by a physician, (2) he had his driving license revoked, and (3) he had ever been involved in a motor vehicle accident.  Reyes answered each of these questions "no."  It is now undisputed that these answers were untrue.  Reyes was addicted to heroin, cocaine, and OxyContin; his driving license had been revoked, and he had been involved in a serious motor vehicle accident in which his vehicle was "totaled" and he sustained serious injuries requiring treatment and rehabilitation.

    Reyes died within two years of the issuance of the life insurance policy.  Therefore, as it was entitled to do under Maryland law, MassMutual conducted an investigation that established the misrepresentations Reyes had made.  Accordingly, also in accordance with Maryland law, MassMutual

contested the validity of the policy because of the misrepresentations that had been made. *See* Maryland Ins. Co. Ann. §§ 16-203 and 12-207. Before instituting this suit, MassMutual offered to return to Anna Marie Reyes, the personal representative of Reyes' estate and the beneficiary of the life insurance policy, the premiums that had been paid in return for cancellation of the policy. Mrs. Reyes declined.

Mrs. Reyes' only defense in this action is that allegedly the application form upon which Reyes made the misrepresentations was not attached to the insurance policy when it was issued. Under § 12-206(a)(2), an application for insurance is not admissible in evidence in a proceeding relating to the policy unless a complete copy of the application for issuance is attached to the policy when issued.

There are two defects in Mrs. Reyes' defense. First, the undisputed summary judgment record establishes that the application was attached to the policy when the policy was issued. Jack A. Millard, the agent who sold the policy, has submitted an affidavit affirmatively stating that "I personally delivered the policy, obtained a signed receipt from Albert Reyes, and confirmed that the application was attached to the policy." In her own affidavit Mrs. Reyes is able to state only that the application "may or may not have been attached" to the policy.[1]

Second, to the extent that Mrs. Reyes asserts that the policy was never delivered, the policy

---

[1] In her affidavit Mrs. Reyes disputes that Millard met personally with her son and delivered the policy to him. However, she does not challenge the signature on the policy receipt. Moreover, her own explanation as to what occurred demonstrates the extreme inequity in her position. She asserts that she purchased the policy for her son and that on the date that the receipt shows the policy was delivered, she had taken her son to the Center for Addictive Medicine to be admitted for in-patient treatment. According to Mrs. Reyes, her son "was very ill and in no condition to meet with anyone for the purpose of transacting business." Therefore, according to Mrs. Reyes' own admission, she was purchasing life insurance for her son at a time she knew him to be gravely ill.

never became effective because the application expressly states that the "policy must be delivered to the Owner named in the policy" before MassMutual becomes liable upon the policy.

A separate order granting MassMutual's motion and entering judgment on its behalf is being entered herewith.


Date: <u>August 15, 2005</u>        /s/
                                 J. Frederick Motz
                                 United States District Judge